ANOUSH HAKIMI (State Bar No. 228858)
anoush@handslawgroup.com
PETER SHAHRIARI (State Bar No. 237074)
peter@handslawgroup.com
**H&S LAW GROUP, PLC**
7080 Hollywood Blvd., Suite 804
Los Angeles, CA 90028

Telephone: (323) 672 - 8281
Facsimile: (213) 402 - 2170

Attorneys for Plaintiff,
**SHAMAR JACKSON**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Shamar Jackson,

      Plaintiff,

    v.

Chansett Property Investors LLC, a
California Limited Liability Company;
and Does 1-10,

      Defendants.

Case No.:

**COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.***

**Most Americans will become disabled, at some point in life.**

Plaintiff Shamar Jackson (hereinafter referred to as "Plaintiff"), complains of Chansett Property Investors LLC, a California Limited Liability Company; and Does 1-10 (each, individually a "Defendant" and collectively "Defendants") and alleges as follows:

## I.   PARTIES

1.     Shamar Jackson suffers from limitations cause by an aortic heart valve repair and scoliosis in his spine. He has difficulty walking and getting around. He gets shortness of breath and limited range of movement in his lower and mid body. Exhaustion, light headedness and heart murmur limit major life functions. Plaintiff is a California resident with physical disabilities. Plaintiff is qualified as being disabled pursuant to 42 USC Section 12102(2)(A), the California Unruh Civil Rights Act, Sections 51, et seq. and 52, et seq., and other statutory laws which protect the rights of "disabled persons". Plaintiff has a "physical disability" as defined by California Government Code §12926.  Plaintiff has been issued a blue permanent disability Disabled Person Parking Placard by the State of California.

2.     Defendant Chansett Property Investors LLC, a California Limited Liability Company; owned the property ("Property") located at 5406 Whitsett Ave., Valley Village, CA 91607 at all relevant times.

3.     There is a business establishment on the Property known as the "Fast Stop Mini Mart" (hereinafter "business").

4.     DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

5.     Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, represent partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants and were acting

within the course and scope of that relationship. Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

6. Plaintiff visited the public accommodations owned and operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages or accommodations operated and/or owned by Defendants.

## II. JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA").

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the ADA.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiffs cause of action arose in this district.

## III. FACTS

10. The Property owned by Defendants is a facility which is open to the public and is a business establishment.

11. Plaintiff alleges that the Property has been newly constructed and/or underwent remodeling, repairs, or alterations since 1992, and that Defendants have failed to comply with California access standards which applied at the time of each new construction and/or alteration or failed to maintain accessible features in

operable working condition.

12.     Plaintiff visited the Property during the relevant statutory period on two (2) separate occasions in July 2019 and August 2019 to patronize the business.

13.     Defendants did not offer persons with disabilities with equivalent facilities, privileges and advantages offered by Defendants to other patrons.

14.     Plaintiff encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property.

15.     However, there is no accessible parking, walkways, signage, entrance, and restroom for disabled persons and the parking spaces designated for disabled person do not comply with the Americans with Disabilities Act ("ADA"). These areas do not comply with the latest California Building Codes ("2010 CBC Code").

16.     When Plaintiff visited the Property, he experienced access barriers related to parking.

17.     Plaintiff encountered the following barriers at Defendant's Property:

**The Fast Stop Mini Mart has asphalt which is severely neglected and broken, paint which is faded to the point of being invisible and ramps and walkways which are downright dangerous, let alone inaccessible. There no access aisles and the restroom is in violation. This place need a lot of work.**

**VIOLATION of 2010 CBC 1114B.1.2; 1991 ADA § 4.3.2(1);** (Exterior Route of Travel) An accessible route of travel was not provided to all portions of the building, entrances and between the building and public way.

**VIOLATION of 2010 CBC 1114B.1.2; 1991 ADA § 4.3.2(1), 4.1.2(1);** (Transportation - Route of Travel) An accessible route of travel must be provided within the property boundary connecting public transport zones, parking, passenger loading zones and public streets or sidewalks they serve, to the building entrance. There was no accessible route connecting these elements for Plaintiff to travel: Even the exteriors of the building were not accessible.

**VIOLATION of 2010 CBC 1129B.4(5);** (Off-Street Unauthorized Parking Sign). An additional sign must be posted in a conspicuous place at all entrances to off-street parking facilities at Property, or adjacent to and visible from each space. It was not.

**VIOLATION of 2010 CBC Code Section 1129B.3; 1991 ADA § 4.6.3; ADA 2010 § 502.2.** (Faded Paint – Accessible Space Lines). The paint used for the designated accessible parking space is so worn and aged, it cannot be seen. This makes it unclear where the actual parking space is. The required width dimensions were not painted as required. This makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC Code 1129B.3; ADA 2010 § 502.2.** (Width of space). The parking space designated for disabled measures less than 9 feet wide. This makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC Code 1129B.3; ADA 2010 § 502.2.** (Length of space). The designated disabled parking spaces measure less than 18 feet long which makes it difficult for Plaintiff to park in the designated space.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VIOLATION of 2010 CBC Code 1133B.7.1; ADA 1991 Code § 4.6.8.** (Abrupt Change in Level Exceeding 1/2"). The path of travel from the space reserved for disabled patrons, the ground surface is uneven, with changes in level exceeding 1/2".

**VIOLATION of 1991 CA Title 24 1129B.4.2; 2010 CBC Code 1129B.3; ADA 2010 § 4.6.3.** (Length of adjacent access aisle). The adjacent access aisles to all the designated disabled parking spaces are also less than 18 feet long.  This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 1991 CA Title 24 1129B.4.2; 2010 CBC Code 1129B.3; ADA 2010 § 4.6.3.** (Width of adjacent access aisle). The adjacent access aisles to all the designated disabled parking spaces are also less than 5 feet wide.  This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 2010 CBC 1129B.3.1; ADA 1991 Code § 4.6.3; ADA 2010 Code § 502.3** (No Loading/Unloading Access Aisle). The adjacent loading/unloading access aisle for the accessible parking space is *missing entirely*.  This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 2010 CBC Code 1129B.3.1.** ("No Parking" – surface sign). The words "No Parking" are missing from the adjacent loading/unloading

access aisle. *As a result, non-disabled patrons park in the loading/unloading access aisle or directly behind it – blocking Plaintiff from being able to use the access aisle.*

**VIOLATION of 2010 CBC Code 1129B.4.1 & 2**. (Surface Signage) The paint used for the designated accessible parking spaces was faded and cannot be seen. There was no compliant surface signage at the designated disabled parking space. The International Access Symbol was so faded and worn that it cannot be read. The street surface (pavement) signage was unreadable because the paint has faded.

**VIOLATION of 2010 CBC Code Section 1127B.1.** (No Accessible Exterior Route).  There is no accessible path of travel into the building entrances. There is no safe way for Plaintiff to park and then travel to the entrance of the Property.

**VIOLATION of 2010 CBC Code Section 1127B.1;ADA 1991 Code § 4.6.2(1).** (Directional signage). There is no directional signage showing an accessible path of travel.

**VIOLATION of 2010 CBC 1133B.7.4; ADA 2010 section 303.3.** (Path from Parking – Uneven surface) The path of travel from the designated disabled parking space to the entrance has damaged ground which is uneven. The damaged ground is uneven with loose material. There are cracks and uneven surfaces. The surface of the ground within the designated path of travel leading into the entrance is not flat. This makes traveling in this area

difficult. The path of travel from the designated disabled parking space to the entrance runs into cracks and changes in level greater than 1/2 inch but provides no ramps. These steep changes in level create uneven surfaces.

**VIOLATION of 2010 CBC 1133B.7.1; ADA § 4.3.8;** (Walks/Sidewalks Change in Level ½"). The walk into the business does not have a continuous common surface because there are abrupt changes in level of more than ½ inch.

**VIOLATION of 2010 CBC 1133B.7.1;** (Walks/Sidewalks Min. Width 48") The walk into the business does not have a minimum width of 48".

**VIOLATION of 2010 CBC 1133B.5.1; ADA § 4.8.1** (Ramps 5%). The accessible route of travel is more than 1:20 (5%) but is not a compliant ramp.

**VIOLATION of 2010 CBC 1133B.5.2;** (48" Min. for Ramps). The ramps do not have a minimum clear width of 48" inches.

**VIOLATION of 2010 CBC 1133B.5.3; ADA § 4.8.2** (Least Possible Slope of Ramp Mandatory). The least possible slope of the ramp leading into the business was not used.

**VIOLATION of 2010 CBC 1133B.5.3; ADA § 4.8.2** (Max. Slope of Ramp 8.33%). The slope of the ramp leading into the business is greater than 8.33%.

**VIOLATION of 2010 CBC 1133B.5.3.1; ADA § 4.8.6** (Max. Cross Slope of Ramp 2%). The cross slope of the ramp was greater than 2%.

**VIOLATION of 2010 CBC 1133B.5.4; ADA § 4.8.4** (Level Ramp Landings). Level ramp landings must be provided at the top and bottom of each ramp. They were not provided.

**VIOLATION of 2010 CBC 1133B.5.4; ADA § 4.8.4(1)** (Width of Ramp Landings). The landing of ramps must be at least twice the width as the tamp run leading to it, but they were not at least twice as wide.

**VIOLATION of 2010 CBC 1133B.5.4.2; ADA § 4.8.4(2), 4.8.4(3)** (Min. Landing Width and Length for Top Ramp Landings 60"). The top landing of ramps were not 60" wide and long as required.

**VIOLATION of 2010 CBC 1133B.5.4.2** (Min. Landing Length for Bottom Ramp Landings 72"). The bottom landing of ramps was not 72" in length as required.

**VIOLATION of 2010 CBC 1133B.5.4.6; ADA § 4.8.4(3)** (Min. Landing Size for Ramps Direction Change). The minimum landing size of 60" x 60" was not provided for the ramp's change of direction.

**VIOLATION of 2010 CBC 1133B.5.4.9** (Ramp Hazard Curb). The

minimum 2" hazard curb for the ramp with was not provided for the ramp.

**VIOLATION of 2010 CBC 1127B.5.7; ADA § 4.7.7** (Detectable Warnings - Curb Ramp). Detectable warnings extending the full width and depth of the ramp <u>were not installed</u> where curb ramps lead to an accessible route.

**VIOLATION of 2010 CBC Section 1115B.3.1.3; ADA 1991 Code § 4.23.6** (5% Req. Accessible Lavatory). At least 5% or at least one lavatory complying with accessibility requirements was not provided.

**VIOLATION of 2010 CBC Section 1115B.8.4; ADA 1991 Code § 4.16.6; ADA 2010 Code § 604.7**. (Toilet paper dispenser). The toilet tissue dispenser is mounted more than 12" from the front edge of the toilet seat, making it hard for Plaintiff to use the toilet.

**VIOLATION of 2010 CBC Code 1115B.8.1; ADA 1991 § 4.19.6; ADA 2010 § 603.3.** (Mirror) The mirror in the restroom was mounted with the bottom edge of the reflecting surface more than 40 inches from the ground, making it difficult for Plaintiff to use the mirror.

**VIOLATION of 2010 CBC Section 1115B.4.1.3.3.2** (Toilet - Rear Grab Bar Extension From Centerline). The toilet rear grab bar extending at least 12" on one side and 24" on the other side from the centerline was not provided.

**VIOLATION of 2010 CBC Section 1115B.4.1.3.3.2** (Toilet - Rear Grab Bar). The toilet rear grab bar of a minimum length of 36" long was not provided.

**VIOLATION of 2010 CBC Section 1115B.4.1.3.3.1** (Toilet - Side Grab Bar). The toilet side grab bar a minimum of 42" long was not provided.

18.     Upon information and belief, there is no compliant disabled parking, walkways, or interior at the Property.

19.     Upon information and belief, there is no compliant accessible path of travel into the Property.

20.     Plaintiff personally encountered these barriers.

21.     These inaccessible conditions denied Plaintiff full and equal access and caused difficulty, humiliation and frustration.

22.     The barriers existed during each of Plaintiff's visits in 2019.

23.     Plaintiff alleges that Defendants knew that the architectural barriers prevented access. Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access and that the noncompliance with the ADAAG and Title 24 of the California Building Code regarding accessible features was intentional.

24.     Plaintiff intends to return to Defendants public accommodation facilities in the near future. Plaintiff is currently deterred from returning because of the knowledge of barriers to equal access that continue to exist at Defendants' facilities that relate to Plaintiff's disabilities.

25.     Defendant has failed to maintain in working and useable conditions

those features necessary to provide ready access to persons with disabilities.

26.     Defendant has the financial resources to remove these barriers without much expense or difficulty in order to make their Property more accessible to their mobility impaired customers. These barriers are readily achievable to remove. The United States Department of Justice has identified that these types of barriers are readily achievable to remove.

27.     To date, Defendants refuse to remove these barriers.

28.     On information and belief, the Plaintiff alleges that the Defendants' failure to remove these barriers was intentional because the barriers are logical and obvious. During all relevant times Defendants had authority, control and dominion over these conditions and therefore the absence of accessible facilities was not a mishap but rather an intentional act.

29.     These barriers to access are described herein without prejudice to Plaintiff citing addition barriers to access after inspection by plaintiff's access agents, pursuant to *Doran v 7-ELEVEN, Inc.* 524 F3d 1034 (9th Cir. 2008) (holding once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered them).

## IV. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. section 12101, et seq.)

(Against All Defendants)

30.     Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

31.     Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases or leases to, operates a place of public accommodation. U.S.C. § 12182(a).

32.     Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of Defendant's facility during each visit and each incident of deterred visit.

33.     The acts and omissions of Defendant herein are in violation of Plaintiff's rights under the ADA and the regulations under 28 C.F.R. Part 36, *et seq.*

34.      Pursuant to the ADA discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileged, advantages or accommodation to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

35.     The ADA prohibits failing to remove structural architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36.

36.     In the event removal of any barrier is shown to not be readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if these methods are readily

achievable. Id. § 12182(b)(2)(A)(v).

37.     Plaintiff alleges that Defendant can easily remove the architectural barriers at their facility without much difficulty or expense, and that Defendant violated the ADA by failing to remove those barriers because it was readily achievable to do so. There are companies in the area which can repaint the parking areas for as little as $350. Defendants can afford such costs given they are a fraction of what the Defendants takes in rental profits for such a large and expensive property.

38.     In the alternative, if it was not "readily achievable" for Defendants to remove the facilities barriers, the Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

39.     On information and belief, the facility was modified after January 26, 1992, mandating access requirements under the ADA.

40.     The ADA requires that facilities altered in a manner that affects or could affect its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. §12183(a)(2).

41.     Plaintiff alleges that Defendants altered the facility in a manner that violated the ADA and was not readily accessible to physically disabled persons, including Plaintiff, to the maximum extent feasible.

42.     The ADA also requires reasonable modification in policies, practices, or procedures when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

43.     Plaintiff alleges that Defendants violated the ADA by failing to make

reasonable modifications in policies, practices, or procedures at the facility when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

44.    Plaintiff seeks a finding from this Court that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act for Disable Persons Act.

45.    Here the Defendants' failure to make sure that accessible facilities were available and ready to be used by the Plaintiff is a violation of law.

46.    Plaintiff would like to continue to frequent Defendants' facility because of because it is close to her home, but Plaintiff has been discriminated against and continues to be discriminated against because of the lack of accessible features.

47.    Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with the state and federal access laws for all the access violations that exist at the Property.

## V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH ACT (Cal. Civ. Code § 51-53.)

(Against All Defendants)

48.    Plaintiff repleads and incorporates by reference, as fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

49.    California Civil Code § 51 states, in part: All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

50.    California Civil Code § 51 also states, in part: No business

establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

51.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

52.    The Unruh Act also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the Unruh Act. Cal Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F. Supp. 433, 439 (N.D.Cal.1994).

53.    Defendants' above-mentioned acts and omissions have violated the Unruh Act by denying Plaintiff rights to full and equal use of the accommodations, advantages, facilities, privileges and services they offer, on the basis of Plaintiff's disability.

54.    Defendants' above-mentioned acts and omissions have also violated the Unruh Act by denying Plaintiff rights to equal access pursuant to the ADA and are liable for damages. (Civ. Code § 51(f), 52(a)).

55.    Because violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the Plaintiff, the Defendants are also each responsible for statutory damages, such as a civil penalty. (Civ. Code § 55.56(a)-(c)).

56.    Plaintiff was actually damaged.

57.    Plaintiff was damaged by Defendants' wrongful conduct and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

1.  For injunctive relief, compelling Defendants to comply with the

16

COMPLAINT

Americans for Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Person Acts.

2. Damages under the Unruh Civil Rights Act which provides for actual damages and a statutory minimum of $4,000 per each offense

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

DATED: March 18, 2020                        **H&S LAW GROUP, PLC**

                                         By:   /s/ Peter Shahriari, Esq.
                                               PETER SHAHRIARI, Esq.
                                               Attorney for Plaintiff Shamar Jackson